# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JOSHUA JAY BERKEY,**

    **Petitioner,**

v.                                                  **Civil Action No. 3:13-CV-34**
                                                      **Criminal Action No. 3:07-CR-94-1**
                                                      **(Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Civ. Doc. 5; Cr. Doc. 156]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on May 1, 2013 [Civ. Doc. 5; Cr. Doc. 156]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Cr. Doc. 148] as untimely and dismiss this case with prejudice [Civ. Doc 5 at 6; Cr. Doc. 156 at 6].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on May 3, 2013 [Civ. Doc. 6; Cr. Doc. 157]. Petitioner filed objections [Cr. Doc. 158], which were received by this Court on May 20, 2013. Although the petitioner fails to provide the date on which he submitted his filing to the prison authorities [*See* Cr. Doc. 158], this Court will construe the petitioner's objections as timely for purposes of this Order. See **Houston v. Lack**, 487 U.S. 266, 276 (1988) (finding that a document is considered filed with the court by a *pro se* prisoner when that prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"). Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On April 4, 2008, the petitioner signed a plea agreement in which he agreed to plead guilty to Count One, Aiding and Abetting the Possession with Intent to Distribute 11.1 grams of cocaine base, and Count Three, Felon in Possession [Cr. Doc. 75 at 1-2]. The plea agreement included a stipulation to the total drug relevant conduct as well as a waiver of the petitioner's appellate and collateral review rights [*Id.* at 4]. The petitioner entered his plea on April 8, 2008 [Cr. Doc. 77]. On August 5, 2008, the petitioner was sentenced to a

2

term of imprisonment of 188 months on Count One to be served concurrently with a term of imprisonment of 120 months on Count Three [Cr. Doc. 93 at 2]. Following these terms of imprisonment, the petitioner will be placed on supervised release for four years on Count One to be served concurrently with a three-year term of supervised released on Count Three [*Id.* at 3]. The petitioner did not appeal his sentence.

On March 21, 2013, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Cr. Doc. 148], which was later resubmitted by the petitioner on the court-approved form [Cr. Doc. 154] on April 15, 2013. In his petition, the petitioner raises the following three grounds for relief: (1) he is no longer a career offender for purposes of the career offender enhancement in light of **United States v. Simmons**, 649 F.3d 237 (4th Cir. 2011) (*en banc*); (2) his sentence was improperly enhanced based upon **United States v. Romary**, 246 F.3d 339, 342-43 (4th Cir. 2001); and (3) his counsel provided ineffective assistance by (a) failing to perform an adequate investigation and (b) providing erroneous advice regarding the petitioner's potential sentence [Civ. Doc. 1 at 5-9; Cr. Doc. 148 at 5-9; Cr. Doc. 154 at 5-9].

On May 1, 2013, the magistrate judge entered his R&R [Civ. Doc. 5; Cr. Doc. 156] in which he concluded that the petitioner's conviction became final on August 27, 2008, and that the petitioner's March 21, 2013, petition was not timely filed [*Id.* at 4-5]. In addition, the magistrate judge noted that the petitioner did not allege that the Government impeded his filing a timely § 2255 petition or that his motion is based upon new facts [*Id.* at 5]. Moreover, the magistrate judge concluded that the petitioner is not entitled to the relief sought under the **Simmons** and **Romary** decisions [*Id.* at 5-6].

3

The petitioner filed objections to the magistrate judge's R&R [Cr. Doc. 158], which was received by the Court on May 20, 2013.  In his objections, the petitioner makes the following arguments: (1) the collateral review waiver in his plea agreement is not valid; (2) his petition is not untimely because his claims have merit; and (3) the career offender enhancement should not have been applied in his case [*Id.*].

## II.  Applicable Law

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitation.  *See* 28 U.S.C. § 2255(f).  The one-year time frame is measured from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

## III.  Discussion

### A.  Waiver of Collateral Review Rights

This Court first notes that the petitioner's objection regarding the validity of the

4

waiver of his appellate and collateral review rights in his plea agreement is not relevant to the R&R. The petitioner argues that the collateral review waiver in his plea agreement is not valid and, therefore, should not preclude his motion to vacate [Cr. Doc. 158 at 1-2]. However, contrary to the petitioner's representation, the magistrate judge never relied upon the petitioner's waiver of his collateral review rights in recommending that this Court deny the petitioner's § 2255 petition as untimely; the magistrate judge merely noted in the background section of the R&R that the plea agreement that the petitioner signed contained a waiver of appellate and collateral review rights.[1] Because this Court agrees with the magistrate judge's conclusion that the petitioner's § 2255 petition is not timely, this Court does not need to examine whether the petitioner's waiver is valid; even if the waiver is not valid, the petition must be dismissed as untimely.

### B. Timeliness of Petition

With regard to the timeliness of the petitioner's motion to vacate, the petitioner does not object to the magistrate judge's conclusion that the petitioner's conviction became final on August 27, 2008 [*See* Civ. Doc. 5 at 4-5; Cr. Doc. 156 at 4-5; and Cr. Doc 158]. As such, the petitioner is not attempting to argue that his petition is timely pursuant to 28 U.S.C. § 2255(f)(1). In addition, the petitioner does not object to the magistrate judge's conclusion that the petitioner does not raise any argument pertaining to the Government impeding a time § 2255 motion or to any new facts [*See* Civ. Doc. 5 at 5; Cr. Doc. 156 at 5; and Cr. Doc. 158]. Accordingly, the petitioner is not attempting to argue that his petition

---

[1]In addition, the magistrate judge noted the dates that the petitioner signed his plea agreement and received his sentence to demonstrate that the petitioner waited more than three years to raise his ineffective assistance of counsel claims, thereby precluding any due diligence arguments under 28 U.S.C. § 2255(f)(4).

5

is timely pursuant to 28 U.S.C. §§ 2255(f)(2) or (f)(4).  Instead, it appears that the petitioner is arguing that his motion to vacate is timely pursuant to 28 U.S.C. § 2255(f)(3).

The petitioner argues that his petition is timely because his claims have merit and it would be an injustice to allow his career offender enhancement to remain in effect [Cr. Doc. 158].  However, in making this argument, the petitioner misconstrues the time limitation under 28 U.S.C. § 2255(f)(3).  Section 2255(f)(3) does not provide that a petition is timely so long as the arguments have merit; it provides for a one-year time limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The petitioner argues in his motion to vacate that **Simmons** should be retroactively applicable because "it represent[s] an extraordinary change in Circuit law" [*See* Cr. Doc. 154 at 13].  In his objections, the petitioner does not appear to object to the conclusion that **Simmons** is not retroactively applicable to cases on collateral review; instead, the petitioner merely makes arguments regarding the merit of his claims under **Simmons** [*See* Cr. Doc. 158].

However, as noted by the magistrate judge in the R&R, even if **Simmons** were retroactively applicable to cases on collateral review, the petition would still be untimely because **Simmons** was decided on August 17, 2011.  Moreover, **Carachuri-Rosendo v. Holder**,[2] the decision to which the Supreme Court of the United States referred the United States Court of Appeals for the Fourth Circuit for reconsideration of an earlier decision in **Simmons**, was decided on June 14, 2010.  The petitioner did not file his § 2255 petition

---

[2]130 S.Ct. 2577 (2010).

6

until March 21, 2013 [Civ. Doc. 5 at 7; Cr. Doc. 156 at 7]. *See **Dodd v. United States***, 545 U.S. 353 (2005) (one year time period under 28 U.S.C. § 2255(f)(3) runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive). As such, the petitioner's § 2255 petition is untimely under § 2255(f)(3). Accordingly, for the foregoing reasons, this Court agrees with the magistrate judge's conclusion that the petitioner's § 2255 petition is untimely and OVERRULES the petitioner's objection on this issue.

### C. Merits of Career Offender Enhancement Argument

Moreover, even if the petition were timely, the petitioner cannot obtain the relief sought. The magistrate judge concluded in the R&R that the petitioner's predicate offenses with regard to the career offender enhancement "were for felony crimes of violence punishable by more than one year, and thus they remain valid predicate offenses under U.S.S.G. §4B1.1" [Civ. Doc. 5 at 6; Cr. Doc. 156 at 6]. In his objections, the petitioner does not dispute that the predicate offenses were punishable by more than one year; however, he argues that he only served nine months of incarceration for one of these offenses, and, therefore, it should not count as a predicate offense [Cr. Doc. 158, citing ***Simmons***[3] and ***Romary***[4]]. The petitioner further describes his sentence on this contested predicate offense as suspended from a maximum sentence of twenty years of imprisonment to nine months [*See id.*]. However, as noted by the magistrate judge, the petitioner was sentenced to 9 months of jail, with credit for time served [Cr. Doc. 91 at 12]. In addition, he was placed

---

[3]***United States v. Simmons***, 649 F.3d 237 (4th Cir. 2011) (*en banc*).

[4]***United States v. Romary***, 246 F.3d 339, 342-43 (4th Cir. 2001).

7

on probation for 36 months and ordered to pay restitution in the amount of $140 [*Id.*]. Although the petitioner argues that **Simmons** and **Romary** support his position, **Simmons** dealt with predicate offenses for enhancements under 21 U.S.C. § 851 of the Controlled Substances Act and **Romary** dealt with a suspended sentence, neither of which is applicable to the petitioner's case. As such, this Court agrees with the magistrate judge's conclusion that, even if the petitioner's § 2255 petition were timely, the petitioner is not able to obtain the relief he seeks. Accordingly, this Court hereby OVERRULES the petitioner's objections on this issue.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 5; Cr. Doc. 156]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the petitioner's Objections **[Cr. Doc. 158]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Civ. Doc. 1; Cr. Docs. 148 and 154]** is **DENIED**. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 25, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE