IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**JOSHUA JAY BERKEY,**

    Petitioner,

v.                                   Civil Action No.: 3:20-cv-120
                                      Criminal No.: 3:07-cr-94
                                      (JUDGE BAILEY

**UNITED STATES OF AMERICA,**

    Respondent.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On July 9, 2020, Joshua Jay Berkey ("petitioner"), proceeding *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255. (Civil Action No. 3:20-cv-20, Doc No.1; 3:07-cr-94 No. 192).[1] On that same date, the Clerk of Court issued a Notice of Deficient Pleading. On July 28, 2020, the petitioner filed his § 2255 motion on the court-approved form. [Doc. 198]. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

**II.     Procedural History**

**A. Conviction and Sentence**

---

[1] From this point forward, all Document Numbers refer to Petitioner's Criminal Action.

1

On April 24, 2008, the petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment, charging him with Aiding and Abetting the Possession with Intent to Distribute 11.1 grams of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)B), and Count Three, Felon in Possession, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, the parties stipulated to total drug relevant conduct of 11.1 grams of cocaine base, also known as "crack," 1.5 grams of hydromorphone, and three firearms with 187 rounds of five different types of ammunition. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On April 8, 2008, the petitioner entered his plea in open court.

On August 5, 2008, the Court sentenced the petitioner to 188 months imprisonment on Count One, to run concurrently with the sentence of 120 months imprisonment on Count Three; and the term of supervised release of 3-5 years on Count One, to run concurrently with a 2-3 year term of supervised release on Count Three.

**B. <u>Appeal</u>**

The petitioner did not file an appeal.

**C. <u>First Federal Habeas Corpus</u>**

On March 21, 2013, the petitioner filed a Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal custody. [Doc. No. 148]. The petitioner raised three grounds, asserting that:

1) pursuant to the Fourth Circuit Court of Appeals decision in ***United States v. Simmons***, 649 F.3d 237 (4th Cir. 2100) (en banc), he no longer was a career offender

2

for purposes of the US Sentencing Guidelines ("U.S.S.G.") § 4B1.1 career offender enhancement;

2) pursuant to the Fourth Circuit Court of Appeals decision in **United States v. Romary**, 256 F.3d 339, 342-43 (4th Cir. 2001), as well as U.S.S.G. § 4A1.2(b)(2) his sentence was improperly enhanced, because he received a suspended sentence for one of his U.S.S.G. § 4B1.1 Career Offender predicate offenses; and

3) counsel was ineffective before the entry of his plea for performing an inadequate investigation into the facts surrounding his case and criminal history; and providing erroneous advice regarding potential sentence he faced, thereby inducing him to plead guilty.

On, May 1, 2013, a Report and Recommendation was entered recommending that the petition the denied and dismissed as untimely. [Doc. 156]. On June 25, 2013, the Report and Recommendation was adopted, and the petitioner's first § 2255 was dismissed with prejudice and ordered stricken from the record. [Doc. 160]. On December 17, 2013, the Fourth Circuit denied the petitioner a certificate of appealability and dismissed his appeal. [Doc. 171].

D. <u>Second Federal Habeas Corpus</u>

On, June 23, 2016, the petitioner filed a second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. [Doc. 181]. The petitioner, through Assistant Federal Public Defender Nicholas J. Compton, argued that this court should vacate his sentence of imprisonment and resentence him in light of the recent decisions in **Johnson v. United States**, 135 S.Ct. 2551 (2015); **Welch v. United States**, 136 S.Ct. 1257 (2016); and **In re Hubbard**, 825 F.3d 225 (4th Cir. 2016). On July 7, 2016, the Fourth Circuit

granted the petitioner's motion for authorization to file a successive habeas application. [Doc. 184]. The matter was stayed pending guidance from the Supreme Court. Following the Court's decision in **Beckles v. United States**, 137 S.Ct. 886, (2017), the Court ordered that the stay be lifted, and denied the petition. In addition, the Court declined to issue a certificate of appealability.

### E. Current Federal Habeas Corpus

In his pending Motion to Vacate, the petitioner moves the Court to "vacate his invalid and unconstitutional guilty plea." [Doc. 198 at 13]. In support of his request, the petitioner argues that his guilty plea under 18 U.S.C. 922(g) must be vacated in light of the Supreme Court's recent decision in **Rehaif v. United States**, 139 S.Ct. 2191 (22019).

## ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v.

Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that the petitioner's first habeas petition was dismissed on the merits.[1] Thus, the undersigned finds that the current § 2255 motion is a second or successive motion, and the petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:20-cv-120, ECF. No. 1; Criminal Action No. 3:07-cr-94, ECF No. 192] be **DENIED** and **DISMISSED** as an unauthorized second or successive petition.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages

---

[1] Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 29, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDG