IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOSHUA JAY BERKEY,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**CIVIL ACTION NO. 3:20-CV-120**
**CRIM. ACTION NO. 3:07-CR-94**
**(BAILEY)**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Civ. Action No. 3:20-CV-120, Doc. 7; Crim. Action No. 3:07-CR-94, Doc. 200]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 29, 2020, wherein he recommends that petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be dismissed. For the reasons that follow, this Court will adopt the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Having filed no objections within that time frame, petitioner has waived his right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error.

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation **[Civ. Action No. 3:20-CV-120, Doc. 7; Crim. Action No. 3:07-CR-94, Doc. 200]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Action No. 3:20-CV-120, Doc. 1; Crim. Action No. 3:07-CR-94, Doc. 192]** be **DISMISSED**. This Court further **DIRECTS** the Clerk to enter

judgment in favor of the respondent and to **STRIKE CIVIL ACTION NUMBER 3:20-CV-120** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August **19**, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**