IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                            Criminal Action No. 3:07-CR-94-1
                                              (BAILEY)
**JOSHUA JAY BERKEY**,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING RECOMMENDATION FOR HOME CONFINEMENT**

Pending before this Court is a *pro se* Motion for Judicial Recommendation for Maximum Residential Re-Entry Center (RRC) Placement [Doc. 196] filed by Joshua Jay Berkey.

On April 24, 2008, the defendant signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment, charging him with Aiding and Abetting the Possession with Intent to Distribute 11.1 grams of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)B), and Count Three, Felon in Possession, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, the parties stipulated to total drug relevant conduct of 11.1 grams of cocaine base, also known as "crack," 1.5 grams of hydromorphone, and three firearms with 187 rounds of five different types of ammunition. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On April 8, 2008, the petitioner entered his plea in open court.

On August 5, 2008, the Court determined Mr. Berkey to be a career offender and sentenced the petitioner to 188 months imprisonment on Count One, to run concurrently with the sentence of 120 months imprisonment on Count Three; and the term of supervised release of 3-5 years on Count One, to run concurrently with a 2-3 year term of supervised release on Count Three.

On March 13, 2019, Mr. Berkey was granted a sentence reduction to 151 months.

In the pending Motion, Mr. Berkey recognizes that the ultimate decision regarding home confinement lies with the Bureau of Prisons ("BOP"), pursuant to the CARES Act, which allows the BOP to lengthen the amount of time that a person may be on home confinement from its previous maximum of the shorter of ten percent of a term of imprisonment or six months.  Nevertheless, Berkey asserts that he is a good candidate for home confinement because he has had a record of good conduct for almost two years, has maintained full employment, has been paying his restitution, and completed numerous programs and classes.[1]

Title 18 U.S.C. § 3624(c)(1), or the Second Chance Act ("SCA"), provides:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

---

[1] Most of the remainder of this Order is blatantly plagiarized, with permission, from the Hon. Irene M. Keeley's excellent decision in *United States v. Syslo*, 2020 WL 4432391 (N.D. W.Va. July 31, 2020).

The Director of the BOP also has the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA does not create "an enforceable entitlement" to any particular form of pre-release custody, but rather provides "merely an authorization ... for non-prison confinement." **Prows v. Fed. Bureau of Prisons**, 981 F.2d 466, 468-70 (10th Cir. 1992).

To make determinations regarding pre-release custody, the BOP considers, among other factors, "any statement by the court that imposed the sentence [ ] concerning the purposes for which the sentence to imprisonment was determined to be warranted; or [ ] recommending any type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). A sentencing court may recommend that an offender be placed in a particular facility or program, but the BOP retains the ultimate authority to make placement decisions. **Tapia v. United States**, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); **United States v. Williams**, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (Bredar, J) (emphasizing that "it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Courts are split regarding whether a sentencing court may make such a recommendation after the sentence has been imposed. *See generally* **United States v. Reavis**, 2018 WL 2376511, at *1-2 (E.D. Wis. May 23, 2018) (collecting cases); **United States v. Doshi**, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (supplementing recommendation made at time of sentencing "in light of the interplay of changing circumstances and factors [due to COVID-19] and factors considered at sentencing").

Although the Court recognizes that Berkey's argument raises concerns regarding potential exposure to COVID-19, and even assuming it has authority to make a post-sentencing recommendation to the BOP, the Court declines to do so.  As other courts have observed, the BOP is best positioned to make pre-release custody determinations because it is "familiar with the offender and his adjustment in prison, his current treatment needs, the available resources, and the other relevant considerations." ***United States v. Ross***, 2018 WL 2376510, at *2 (E.D. Wis. May 24, 2018).  The sentencing court, conversely, operates "only on a case-by-case basis, based on dated information, and lacking the BOP's expertise in such matters." ***Id***.  Therefore, a court in its discretion may deny an inmate's request for a recommendation of pre-release custody, choosing instead to defer to the experience of the BOP.  *Accord* ***United States v. Baker***, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 6, 2016); ***United States v. Bishop***, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015); ***United States v. Landers***, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013) (Childs, J).

While Mr. Berkey is to be commended for making good use of his time while incarcerated, the Court exercises its discretion in favor of deferring to the expertise of the BOP and declines to recommend Berkey's pre-release custody.  This Court, therefore, **DENIES** Berkey's *pro se* Motion for Judicial Recommendation for Maximum Residential Re-Entry Center (RRC) Placement [**Doc. 196**].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 25, 2020.

*[Signature]*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE